# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

John S.,
**Petitioner Below, Petitioner**

**FILED**

**February 23, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 15-1225** (Fayette County 15-C-316)

**Ralph Terry, Acting Warden,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner John S., by counsel J.B. Rees, appeals the Circuit Court of Fayette County's December 1, 2015, order summarily denying his petition for writ of habeas corpus.[1] Respondent Ralph Terry, acting warden, by counsel Shannon Frederick Kiser, filed a response.[2] On appeal, petitioner argues that West Virginia Code § 53-4A-4 is facially unconstitutional.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2013, petitioner was convicted of eighteen counts of sexual abuse and sexual assault. Ultimately, petitioner was sentenced to an aggregate term of 95 to 340 years of incarceration. Petitioner appealed his conviction, and we affirmed the same. *State v. John S.*, No. 13-0780, 2014 WL 2682873 (W.Va. June 13, 2014)(memorandum decision).

In July of 2014, petitioner filed a petition for writ of habeas corpus, which the circuit court denied. Petitioner appealed the denial, and this Court affirmed the same. *John S. v. Ballard*,

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner originally listed David Ballard as the respondent in this matter. However, Mr. Ballard is no longer the warden of  Mt. Olive Correctional Complex. Pursuant to Rule 41(c) of the Rules of Appellate Procedure, the appropriate public officer has been substituted in the style of this matter.

1

No. 14-1184, 2015 WL 5331822 (W.Va. Sept. 11, 2015)(memorandum decision). Thereafter, petitioner filed a second petition for writ of habeas corpus. By order entered on December 1, 2015, the circuit court again denied the petition without the holding of an omnibus hearing or appointment of counsel. It is from the order denying his second petition for writ of habeas corpus that petitioner appeals.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal, petitioner's sole argument is that because West Virginia Code § 53-4A-4 grants circuit courts discretion in appointing attorneys for habeas proceedings, it is facially unconstitutional pursuant to the United States Supreme Court of Appeals decision of *Martinez v. Ryan*, 566 U.S. 1 (2012).[3] According to petitioner, *Martinez* mandates the appointment of counsel in all habeas proceedings. We do not agree. The Supreme Court in *Martinez* addressed whether a *procedural* rule, known as the doctrine of procedural default, barred a state prisoner from asserting the claim of ineffective assistance of trial counsel in a federal habeas proceeding after his habeas attorney failed to raise it in the earlier state proceeding. *Id.* at 4-5. In ruling on this issue, the Supreme Court reiterated that, as a matter of constitutional law, "there is no right to counsel in collateral proceedings." *Id.* at 9. As the Supreme Court's decision in *Martinez* did not hold that appointment of counsel was required in habeas proceedings, we find that petitioner's reliance on that decision is misplaced.

For the foregoing reasons, we affirm.

Affirmed.

_____

[3]According to West Virginia Code § 53-4A-4(a),

> [i]f, after judgment is entered under the provisions of this article, an appeal or writ of error is sought by the petitioner in accordance with the provisions of section nine of this article, and the court which rendered the judgment is of opinion that the review is being sought in good faith and the grounds assigned therefor have merit or are not frivolous, and such court finds that the petitioner is unable to pay the costs incident thereto or to employ counsel, the court shall, upon the petitioner's request, order that the petitioner proceed in forma pauperis and shall appoint counsel for the petitioner.

**ISSUED:**  February 23, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

3